

5-2-00
sc

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Walter Penn

v.                                          :   1:00-cv-771

Ben E. Varner, et al.

### STANDING PRACTICE ORDER

NOW, IT IS HEREBY ORDERED THAT upon the filing of any pro se civil complaint with this court, the Clerk of Court shall serve a copy of this Order on Plaintiff. Furthermore, if the U.S. Marshal is directed to effect service of the complaint, a copy of the Order shall be served along with the summons and the complaint.

Background

This order is intended to fully inform the parties to this action of their briefing and other responsibilities pursuant to Local Rules of Court 7.1 through 7.8 and 7.10, Local Rules 26.10 and 56.1, and Federal Rule of Civil Procedure 56.

Local Rule 7.1 provides that all pre-trial motions must be written, be accompanied by a proposed order, and include a certificate indicating whether the opposing party concurs with the motion. However, no concurrence need be sought in pro se prisoner cases. No more than one motion shall be filed under one cover. A moving party is required by Local Rule 7.2 to serve copies of his or her respective papers upon the opposing party. If allegations of facts are relied upon in support of a motion, Local Rule 7.3 mandates that the relevant documents must be filed with the court within ten (10) days after the motion is filed. Local Rules 7.4 and 56.1 direct a party filing a motion for summary judgment to file an accompanying short and concise statement of material facts. Local Rules 7.4 and 56.1, paragraph 2 direct a party opposing a summary

judgment motion to file a separate concise statement of material facts responding to the movant's statement.

Local Rule 7.5 requires that any party who files a motion shall be required to file a brief in support of that motion within ten (10) days of the filing of the motion. In the event such a moving party does not file a brief in support of his or her motion within the ten (10) day time frame, Local Rule 7.5 provides that such a party shall be deemed to have withdrawn the motion. In the event the moving party does file a timely brief in support of his or her motion, Local Rule 7.6 provides that the party against whom the motion and brief thereon is filed must file a brief in opposition to the moving party's motion, together with any opposing affidavits; deposition transcripts, or other documents, within fifteen (15) days of the filing of the brief thereon. If he or she does not file his or her brief and other documentation within the same time frame, Local Rule 7.6 provides that he or she shall be deemed not to oppose the moving party's motion and the motion may therefore be granted. Local Rule of Court 7.7 allows the moving party to file a reply brief to the responding party's opposing brief within ten (10) days of the filing of the opposing brief. However, a reply brief is not mandatory and the failure to file one will not result in detrimental action. Local Rule 7.8 explains what the "Contents and Length of Pre-trial Briefs" should be. As stipulated in Local Rule 7.10, any motion for reconsideration or reargument shall be filed within ten (10) days after the entry of the judgment, order or decree concerned.

If no discovery has been initiated in a prisoner case, the parties are directed to file appropriate motions within sixty (60) days after the closing of the pleadings as defined in Fed.R.Civ.P. 7(a). If discovery has been initiated by either party prior to that date, the time for filing said motions shall be postponed until thirty (30) days after discovery is closed in conformity with Local Rule 26.4.

Federal Rule of Civil Procedure 56(e) provides that a party who files a motion for

summary judgment may file affidavits or other documentation in support of such a motion. Federal Rule of Civil Procedure 56(e) also provides that a party may not rely on the allegations set forth in his or her pleadings, such as a complaint, in the face of affidavits or other documentation filed pursuant to Rule 56 which contradict and undermine the facts set forth in such pleadings. Rather, Rule 56 provides that the party opposing a motion for summary judgment should, in the face of affidavits or other supporting documentation contradicting or undermining his or her claim, file his or her own affidavits or other substantiating documentation so as to demonstrate that a genuine issue for trial exists and that summary judgment should not be granted. Pursuant to Local Rules 7.6 and 7.8 such contravening affidavits or documentation must be filed within fifteen (15) days of the brief, affidavits and other documentation filed by the moving party in support of his or her motion for summary judgment. If such contravening affidavits or supporting documentation are not filed within this time frame, the motion for summary judgment shall be considered solely upon the affidavits or other supporting documentation filed by the party who filed the motion for summary judgment, and in light of the absence of contravening affidavits or other supporting documentation, summary judgment may be granted.

A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

Attached to this order are copies of Local Rules 7.1 through 7.8 and 7.10, Local Rule 26.4 and 56.1, and a copy of the relevant parts of the Federal Rule of Civil Procedure 56.

3

Accordingly, **IT IS HEREBY ORDERED THAT:**

All parties shall follow the requirements of these rules or suffer the consequences of their failure to do such, including possible dismissal of their action. Unless otherwise ordered by the court, there will be no hearing.

_____
SYLVIA H. RAMBO, Chief Judge
Middle District of Pennsylvania

_____
WILLIAM W. CALDWELL
United States District Judge

_____
EDWIN M. KOSIK
United States District Judge

_____
JAMES F. McCLURE, JR.
United States District Judge

_____
WILLIAM J. NEALON
United States District Judge

_____
MUIR
United States District Judge

_____
RICHARD P. CONABOY
United States District Judge

Dated: February 28, 1994

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

: STANDING ORDER 94-2
: (AMENDMENT)

## AMENDED STANDING PRACTICE ORDER

**NOW, IT IS HEREBY ORDERED THAT** Standing Practice Order 94-2 is hereby amended to reflect the Local Rules of Court which were revised on April 15, 1997.

Sylvia H. Rambo, Chief Judge
Middle District of Pennsylvania

DATE: Aug. 1, 1997

**LR 7.1      Pretrial Motions to be Written.**
All motions filed prior to trial must be written, and shall contain a certification by counsel for the movant that he or she has sought concurrence in the motion from each party, and that it has been either given or denied. No concurrence need be sought in *pro se* prisoner cases. A certificate of nonconcurrence does not eliminate the need for counsel to comply with Local Rule 26.3 relating to conferences between counsel in all discovery motions directed toward a resolution of the motion. Every motion shall be accompanied by a form of order which, if approved by the court, would grant the relief sought in the motion.

**LR 7.2      Service of Pretrial Documents by Movant and Respondent.**
The movant and respondent shall serve copies of their respective papers upon the opposing party at the time such papers are filed with the clerk.

**LR 7.3      Documents Substantiating Pretrial Motions.**
When allegations of fact are relied upon in support of a motion, all pertinent affidavits, transcripts of depositions, and other documents must accompany the motion whenever practicable. In any event, such supporting documents must be filed within ten (10) days after the motion has been filed, unless otherwise ordered by the court.

**LR 7.4      Motions for Summary Judgment.**
For local rule regarding the filing of Motions for Summary Judgment, see LR 56.1.

**LR 7.5      Submission of Briefs Supporting Pretrial Motions.**
Within ten (10) days after the filing of any motion filed prior to trial, the party filing the same shall file an original and two (2) copies of a brief with the clerk and shall serve copies thereof on all parties. If the motion seeks a protective order, a supporting brief shall be filed with the motion. Unless otherwise ordered by the court, if supporting legal briefs are not filed within the time provided in this rule such motion shall be deemed to be withdrawn. Briefs shall not be required: (a) In support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, or (b) In support of any motion or a stipulation which has concurrence of all counsel, and the reasons for the motion or the stipulation and the relief sought are fully stated therein.

**LR 7.6      Submission of Briefs or Memoranda Opposing Pretrial Motions.**
Any party opposing any motion shall file an original and two (2) copies of a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of the movant's brief. Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.

**LR 7.7      Pretrial Reply Briefs or Memoranda.**
An original and two (2) copies of a brief in reply to matters argued in respondent's brief may be filed by the moving party within ten (10) days after service of the respondent's brief. No further briefs may be filed without leave of court.

**LR 7.8    Contents and Length of Pretrial Briefs.**

Briefs shall contain complete citations of all authorities relied upon, including whenever practicable, citations both to official and unofficial reports. A copy of any unpublished opinion which is cited must accompany the brief as an attachment. The brief of the moving party shall contain a procedural history of the case, a statement of facts, a statement of questions involved, and argument. The brief of the opposing party may contain a counter statement of the facts and of the questions involved and a counter history of the case. If counter statements of facts or questions involved are not filed, the statements of the moving party will be deemed adopted. Unless authorized specially by the judge in a particular case, briefs, including briefs on motions shall be double spaced and limited to fifteen (15) pages each. No brief exceeding fifteen (15) pages shall be filed without prior authorization. Any motion for such authorization shall specify the length of brief requested and shall be filed at least two (2) working days before the brief is due. The brief of each party, if more than fifteen (15) pages in length, shall contain a table of contents, with page references, and table of citations of the cases, statutes and other authorities referred to therein, with references to the pages at which they are cited.

**LR 7.10    Motions for Reconsideration or Reargument.**

Any motion for reconsideration or reargument shall be filed within ten (10) days after entry of the judgment, order or decree concerned.

**LR 26.4    Discovery Proceedings, Closing of.**

In the absence of a discovery deadline set forth in a court order, each party to a civil action shall complete all discovery proceedings within six (6) months of the date of the last pleading filed by that party. The word "pleading" shall have the same meaning in this rule as in Fed.R.Civ.P.7(a). After the expiration of the discovery deadline, the parties are deemed ready for trial.

**LR 56.1    Motions for Summary Judgment.**

Upon any motion for summary judgment pursuant to Fed.R.Civ.P.56, there shall be filed with the motion a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.

The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.

Statements of material facts in support, or in opposition to, a motion shall include references to the parts of the record that support the statements.

All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

**Federal Rule of Civil Procedure 56(e)**

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.