## JUDGE'S COPY

⑩
copy

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WALTER PENN,                          :
                                       :
     Plaintiff                  :
                                       :
     v.                          :     **No. 1: CV 00-0771**
                                       :     **(Judge Rambo)**
BEN E. VARNER, et al.,                 :
                                       :
     Defendants                  :

FILED
HARRISBURG, PA

JUL  3 2000

MARY E. D'ANDREA, CLERK
Per _____
           Deputy Clerk

### BRIEF IN SUPPORT OF COMMONWEALTH
### DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

### STATEMENT OF THE CASE

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 alleging claims under the

First, Eighth and Fourteenth Amendments to the United States Constitution.  The complaint alleges

the defendants conspired to deprive plaintiff of his constitutional rights by untimely responding to

two grievances, thus precluding him from pursuing his administrative remedies, and issuing him a

misconduct report because he filed a private criminal complaint against prison officials with the

Luzerne County District Attorney.  Plaintiff further alleges that he was denied access to the courts,

that his prison job was changed and his pay reduced, that he was subjected to threats by officers, and

that the was subjected to the harmful effects of extreme stagnant heat and humidity.

Plaintiff is Walter Penn, a prisoner currently and at all times relevant to the complaint

incarcerated at the State Correctional Institution at Dallas ("SCI-Dallas").  Defendants, at the time

the complaint was filed, were employees of the Department of Corrections ("DOC").  Named as

defendants are the following employees at SCI-Dallas Ben Varner, Superintendent of the institution;

David Larkins, former superintendent of the institution;[1] Kenneth Burnett, Grievance Coordinator; Hensyl Dietterick, Robert Long, David CeBrick, and Ned Sutliff, corrections officers; Bonita Malloy, a Unit Manager; and Donald Jones, Hearing Examiner.  Also named as a defendant is Martin Horn, Secretary of the Pennsylvania Department of Corrections.

Penn filed a complaint on April 28, 2000.  The defendants waived formal service of the complaint on May 26, 2000.  On July 3, 2000, defendants filed a motion to dismiss the complaint pursuant to F.R.C.P. 12(b)(6).  This brief is filed in support of the defendants' motion to dismiss the complaint.

## QUESTIONS PRESENTED

I.  **SHOULD THE COMPLAINT BE DISMISSED WHERE PLAINTIFF HAS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES?**

II.  **SHOULD THE COMPLAINT BE DISMISSED AS TO DEFENDANT HORN BECAUSE PLAINTIFF HAS FAILED TO ESTABLISH THAT HORN VIOLATED HIS CONSTITUTIONAL RIGHTS?**

## ARGUMENT

I.  **THE COMPLAINT  SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO EXHAUST HIS  ADMINISTRATIVE REMEDIES.**

In 1996, Congress enacted the Prison Litigation Reform Act, and amended 42 U.S.C. §1997e(a) to read:

> No action shall be brought with respect to prison conditions
> under section 1983 of this title, or any other Federal law, by a
> prisoner confined in any jail, prison, or other correctional

---

[1]Larkins retired from employment with the Department of Corrections.

facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a) (West Supp. 1999).

Pursuant to the PLRA, inmates are required to exhaust all applicable administrative remedies prior to filing an action in federal court. Recently, the Third Circuit has issued two opinions where the court held that §1997e (a) of the PLRA makes exhustion of all administrative remedies mandatory prior to seeking federal review. See Nyhuis v. Reno, 204 F.3d 65 (3rd Cir. 2000); Booth v. Churner, 206 F.3d 289 (3rd Cir.2000).

In Nyhuis, the Court examined the question of whether an inmate was required to exhaust administrative remedies where the relief sought was not available though the administrative process. Nyhuis, a federal inmate, brought a Bivens action[2] alleging that prison officials confiscated his personal property, and sought monetary, declaratory and injunctive relief. He did not pursue his administrative remedies. On appeal he argued exhaustion was not required because the administrative process did not provide the relief sought. Interpreting 42 U.S.C. §1997e(a), the Third Circuit held exhaustion was mandatory even though the administrative process did not provide the inmate with the relief sought in federal court. Booth at 67. Moreover, the Court adopted a bright-line rule that inmate-plaintiffs must exhaust all available remedies prior to seeking federal review. Id. at 78.

In Booth, a §1983 action, the inmate alleged officers used excessive force against him. In affirming the district court's order dismissing Booth's complaint, the Circuit reiterated the Nyhuis rule that an inmate must exhaust all administrative remedies under the PLRA prior to seeking

---

[2]See Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

federal review.  <u>Booth</u> at 291.  The <u>Nyhuis</u> rule applies in equal force to § 1993 claims brought against state officials.  <u>Booth</u> at 300.

Courts  have recognized that, like a jurisdictional statute, the PLRA places on the prisoner the burden of demonstrating that he has exhausted administrative remedies and that, if the statutory requirement is to be properly enforced, a prisoner must do more than simply claim that he has satisfied it.  Exhaustion can be proven easily by documentary evidence, and the prisoner should be required to do so.  In <u>Brown v. Toombs,</u> 139 F.3d 1102 (6th Cir. 1998), for example, the court held that inmates who file lawsuits in federal court challenging the conditions of their confinement pursuant to Section 1983 "must allege *and show* that they have exhausted *all* available state administrative remedies."  <u>Id</u>. at 1104 (emphasis added).  The Court explained that, "A prisoner should attach to his Section 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint."  <u>Id</u>.  The Court suggested that where the record fails to disclose that the inmate has complied with the exhaustion requirement, the case should be dismissed without prejudice.  Among the many reasons Courts have held exhaustion is required is to allow prison officials an opportunity to correct problems prior to inmates' using the resources of the federal judiciary.  <u>See</u> <u>Nyhuis</u> at 76.

Applying these decisions to this case, Penn's complaint should be dismissed because he did not exhaust his administrative remedies through the prison's review process concerning both his grievances and the misconduct.  Penn has also failed to provide documents that show that he grieved the allegations contained in his complaint regarding the conduct of the officers, the change in his prison job and subsequent loss of pay.

According to his complaint, Penn alleges that he filed a grievance on July 25, 1999, concerning the placement of fans on the block.  He alleges that a corrections officer told him that because he included a race issue in his grievance, the grievance officer, defendant Burnett, said he was going to throw it [the grievance] away.  See Complaint ¶¶3, 5.  Based upon this information and without waiting for Burnett's response,[3] plaintiff filed another grievance directly to the superintendent, defendant Larkin, on August 2, 1999.  Penn complained about Burnett, alleging criminal conspiracy, obstruction of justice, abuse of authority, deliberate, intentional and malicious deprivation of his access to the quasi-judicial forum established by the DOC for redress of grievances, the deprivation of plaintiff's right to receive procedural due process, and the failure of the grievance officer to comply with DC-ADM  804.[4]  See Complaint ¶ 7.  Plaintiff alleges that because defendant Larkins failed to respond to the second grievance in a timely fashion, he filed charges with the Luzerene County District attorney.

Penn alleges that defendants Burnett, Dietterick and Larkins engaged in a "tacit-conspiracy to deny and deprive him of his right to petition the executive government for redress if his grievance; and to receive procedural due process and equal protection of the law."  See Complaint ¶11.

---

[3]Penn alleges that he did not receive Burnett's response to the grievance until August 23, 1999. Attached as Exhibit"B" to the complaint is a copy of Burnett's response to Grievance No. DAL-0624-99.  The date next to Burnett's signature is August 9, 1999.

[4]In accordance with DC-ADM 804, "**within 10 working days of the Grievance Coordinator's receipt** of the grievance or the appeal, a written response to the inmate shall be prepared including a brief rationale, summarizing the conclusion and any actions taken or recommended to resolve the issues raised by the inmate.  See DC-ADM 804, VII, D, 4(c), attached as Exhibit "A" to the complaint.

Because of this alleged conspiracy, Penn alleges he was forced to continue to suffer from the harmful effects of the stagnant heat and humidity, heat exhaustion, dizziness, lightheadness and nausea. See Complaint ¶ 13. He further alleges that his cell was searched by Officer Dietterick while he or his cell mate were not present, (see Complaint ¶ 15); that he was told to take his television set down by Dietterick because he had a complaint against him, (see Complaint ¶18); that officer Sutliff threatened him with being deprived of everything except the bare necessities of life, (see Complaint ¶ 25); that his prison job was changed, and that he lost pay because of the new position (see Complaint ¶ 25), and that defendant Malloy and Cebrick lied to him, strung him along in the continuing scheme to retaliation against him (see Complaint ¶ 28).

The Pennsylvania Department of Corrections has established a Consolidated Inmate Grievance System. This review process is available to all state prisoners and is set forth in Department of Corrections Administrative Directive ("DC-ADM") 804.[5] ADM-804 provides that, after attempted informal resolution of the problem, the inmate may submit a written grievance or complaint to the Grievance Coordinator. An appeal from the decision of the Grievance Coordinator may be made in writing to the prison superintendent, and a final written appeal may be presented to the Chief Hearing Examiner.

From the information provided in the complaint and the attached documents, it is clear that plaintiff has failed to demonstrate that he exhausted his administrative remedies pursuant to DC-ADM 804, regarding the allegations in his complaint concerning Grievance No. DAL-0624-99 dated July 25, 1999, and a Grievance dated August 5, 1999 submitted to Superintendent Larkins. In

---

[5]Plaintiff has attached a copy of this directive to his complaint as Exhibit "A".

addition, he offers no evidence that he filed any grievances concerning the alleged conduct of the other defendants alleged in the complaint.  Plaintiff's failure to do so must result in dismissal of the complaint raising those issues not addressed through the Consolidated Inmate Grievance System.

DC-ADM 801, like DC-ADM 804, provides for an administrative review of institutional misconducts.  Section VI, I, of ADM-801 provides that an inmate who has been found guilty of a misconduct charge may appeal to the institution's  Program Review Committee ("PRC") for initial review after the misconduct hearing.  The inmate may proceed to the second level of appeal, and appeal the decision of the PRC to the Superintendent of the institution.  The final appeal level, pursuant to DC-ADM 801, VI, I, (3) is to the Chief Hearing Examiner of the Department of Corrections. An inmate may appeal the decision of the Superintendent to the Chief Hearing Examiner after receipt of superintendent's decision.  Upon completion of the final review, the Chief Hearing Examiner responds directly to the inmate, notifying the inmate of his decision. This system was in effect September of 1999 when Penn received the misconduct report about which he complains in this case.

In his complaint, Penn alleges that the defendants conspired to deprive him of his constitutional rights by issuing him a misconduct report because he filed a private criminal complaint with the Luzerne County District Attorney.  He further alleges that the hearing examiner denied him due process at his misconduct hearing, (see Complaint ¶¶21,22); and that defendant Long was a part of the ongoing conspiracy. (See Complaint ¶23).

Plaintiff provides no evidence in his complaint that he completed the review process concerning the misconduct.  DC-ADM 801 IV, I (3) provides for a final review or appeal to the

-7-

Superintendent or Chief Hearing Examiner.    Plaintiff's failure to do so must result in dismissal of the complaint raising allegations regarding Misconduct No. A 148758.

In respect to the allegations contained in the complaint, plaintiff has not evidenced that he has exhausted the available administrative remedies.  Inmates must allege *and show* that they have exhausted *all* applicable administrative remedies prior to filing a lawsuit in federal court.  Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998).  Under the Prison Litigation Reform Act, this is a prerequisite that must be demonstrated before a lawsuit concerning prison conditions may continue, and it should not be excused.    Therefore, these claims should be dismissed.

## II.    THE COMPLAINT SHOULD BE DISMISSED AS TO DEFENDANT HORN BECAUSE PLAINTIFF HAS FAILED TO ESTABLISH THAT HE VIOLATED HIS CONSTITUTIONAL RIGHTS.

It is well established that liability under 42 U.S.C. §1983 is personal in nature, and it can only follow personal involvement in the alleged wrongful conduct, shown through specific allegations of personal direction or actual knowledge and acquiescence.  Rode v. Dellarciprete, 845 F. 2d 1195, 1207 (3rd Cir. 1988).  To be liable, a defendant must have directed, or known of and acquiesced in, the deprivation of a plaintiff's constitutional rights.  Gay v. Petsock, 917 F.2d 768, 771 (3rd Cir. 1990); Hetzel v. Swartz, 990 F. Supp. 261, 264 (M.D. Pa. 1995).   A defendant may not be held liable under §1983 on the principle of respondeat superior.  Hetzel, supra.  The mere fact that a defendant is in a supervisory position is insufficient.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3rd Cir. 1988).

Here, plaintiff fails to allege any facts or present any evidence that defendant "Horn had any personal involvement in or knowledge of Penn's complaints.  Penn does not alleges that defendant

Horn was sent a copy of the complaint's/allegations that were sent to the Bureau of Professional Responsibility, a Branch-Office, of the ("DOC") under the authority of Secretary/Director, Martin F. Horn" See Complaint ¶ 31. In addition, Penn alleges that, "by official notification was made aware of the illegal-acts of retaliation, against plaintiff, by his employees, and/or should have known, by the proper-exercise of his official duties," "that by his acts or omission's, actions or inactions, has demonstrates an attitude of indifference," and that in his supervisory and policy making capacity, he has taken no steps to terminate the illegal-retaliatory conducts of his subordinates." See Complaint ¶ 32.

Allegations of a supervisory position or that an individual may have received a copy of a complaint sent to a branch office fall short of personal direction or actual knowledge in the alleged wrongful conduct. Therefore, Penn's complaint against defendant Horn should be dismissed.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

By: _____

Maryanne M. Lewis
**Deputy Attorney General**
**Attorney ID# 83812**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg PA 17120**
**(717) 787-9719**
**(717) 772-4526 FAX**
**mlewis@attorneygeneral.gov**
**DATE: July 3, 2000**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WALTER PENN,                :
                                   :

      Plaintiff           :
                                     :

     v.                         :      No. 1: CV 00-0771
                                     :      (Judge Rambo)

BEN E. VARNER, <u>et</u> <u>al.</u>,      :
                                     :

      Defendants      :

## CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing, BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, by depositing a copy of the same in the United States mail, postage prepaid, in Harrisburg, PA., addressed to the following:

Walter Penn, #AP-9156
SCI-Dallas
Drawer K
Dallas, PA 18612-0286

_____
MARYANNE M. LEWIS
DEPUTY ATTORNEY GENERAL

DATE: July 3, 2000