JUDGE'S COPY

copy 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WALTER PENN,                    :
                                :
            Plaintiff           :
                                :
        v.                      :        No. 1:CV-00-0771
                                :        (Judge Rambo)
BEN E. VARNER, et al.,          :        PRSLC Van Wie
                                :
            Defendants          :

FILED
HARRISBURG, P

AUG 11 2000

MARY E. D'ANDREA, CL

DEFENDANTS' REPLY BRIEF IN SUPPORT OF
THEIR MOTION TO DISMISS THE COMPLAINT

## INTRODUCTION

Walter Penn, an inmate currently incarcerated at the State Correctional Institution at Dallas,
(SCI-Dallas), filed this civil rights action alleging claims under the First, Eighth and Fourteenth
Amendments to the United States Constitution.    Defendants are current or former employees of
SCI-Dallas, and the Secretary of the Department of Corrections ("DOC").    In his complaint, Penn
alleges that the defendants conspired to deprive him of his constitutional rights by untimely
responding to two grievances, thus precluding him from pursing his administrative remedies, and
issuing him a misconduct report because he filed a private complaint against prison officials with
the District Attorney of Luzerne County.  He further alleges that he was denied access to the court,
that his prison job was changed and his pay reduced, that he was subjected to threats by officers, and
that he was subjected to the harmful effects of extreme stagnant heat and humidity.

Penn filed the complaint on April 28, 2000, and the defendants waived formal service on
May 26, 2000.  Currently pending before the Court is the motion to dismiss filed by the defendants
on July 3, 2000.  In their motion and supporting brief, defendants argue that the complaint should

be dismissed because the plaintiff has failed to exhaust his administrative remedies concerning the allegations contained in his complaint and that he failed to establish that defendant Horn violated his constitutional rights.

On August 3, 2000, defendants received plaintiff's memorandum of law in opposition to defendants' motion to dismiss. In that memorandum, plaintiff argues that "the grievance system established by the DOC is hindered, impeded and obstructed due to the impermissible conduct of prison officials constituting a breakdown in the administrative process and that the exhaustion requirement should be excused." He also argues that defendant "Horn in his official capacity is responsible for the breakdown of his designated chain of command due to the actions/inactions of his subordinates and that he is responsible for providing the inmates in his care with a secure, meaningful and effective forum to seek redress of grievances." This brief is filed in reply to plaintiff's memorandum, and will address only Penn's challenge to the exhaustion argument. [1]

## RELEVANT FACTS

As in his complaint, plaintiff continues to allege that defendants failed to properly process his grievances, and that a tacit conspiracy was engaged in by defendants that deprived him of his right to petition the government for the redress of his grievances and to receive procedural due process and equal protection. Plaintiff also continues to maintain that he exhausted his administrative remedies regarding his misconduct report.

---

[1] For the reasons stated in the brief in support of their motion to dismiss, the complaint against defendant Horn should be dismissed because it fails to establish that Horn violated plaintiff's constitutional rights. While plaintiff argues that Horn was made aware of the impermissible conduct, he fails to support this allegation. This argument has been addressed in defendants' brief in support of their motion and will not be addressed here.

-2-

With respect to the grievance matter, defendants addressed these allegations in their brief in support of their motion to dismiss.  See pages 5-7 of Defendants' Brief in Support of Their Motion to Dismiss the Complaint.  For clarity purposes, defendants will restate these facts.  According to his complaint, Penn alleges he filed a grievance on July 25, 1999.  See Complaint ¶ 3.  Pursuant to Department of Corrections Administrative Directive 804 ("DC-ADM 804"), within (10) working days of the Grievance Coordinator's **receipt of the grievance** (emphasis added), or appeal, a written response to the inmate shall be provided . . . ."  See Exhibit "A" attached to the Complaint, which is a copy of DOC-ADM 804, §VI B (4).  The ten day period is calculated from the date the grievance officer **receives** the complaint, not the date the plaintiff **signs** the grievance.[2]

On August 2, 1999, plaintiff filed another grievance, directly to the Superintendent of the institution, alleging among other complaints that the grievance officer, defendant Burnett, failed to respond to his grievance in a timely fashion.[3]  See Complaint ¶ 7.  It is apparent from Larkins' response to Penn that, upon receipt of the second grievance, Larkins checked with Burnett, the grievance coordinator, to see if he had received this grievance.[4]  See Exhibit "C" attached to the

---

[2]Penn alleges that he filed the grievance on July 25, 1999, which was a Sunday.  In accordance with the Directive, the calculation is based upon working days, and weekends are not counted.  Exhibit "B" to the complaint, which is defendant Burnett's response to the grievance, notes the grievance date as July 27, 1999.  Therefore, the 10th day in which to respond was August 9, 1999.

[3]Penn alleges in second grievance and in his complaint, that defendant Dietrich did not have the authority to possess the grievance.  It is unclear how Dietrich's possession of the grievance presents a constitutional violation.

[4]Apparently, plaintiff is confused as to the Superintendent's reference to **this** grievance.  A fair reading of Larkin's memorandum dated August 9, 1999 is that Larkins is referring to the grievance that was submitted directly to him on August 5, 1999.

complaint. On August 9, 1999, Superintendent Larkins returned the second grievance to plaintiff, explaining he "checked with Mr. Burnett's office and they could find no record of you having submitted **this** (emphasis added) grievance."[5]  Larkin further informed plaintiff that he failed to follow the grievance procedure. By memorandum dated August 12, 1999, Larkin informed Penn that because of the serious nature of the allegations, he was turning the (second grievance) over to the security department. See Exhibit "G" attached to plaintiff's Memorandum in Opposition to Defendants Motion to Dismiss.

Penn further alleges that he did receive a response to his July 25, 1999 grievance, but that he did not receive it until August 23, 1999. Irrespective of when plaintiff received Burnett's response, the time to file an appeal, pursuant to DOC-ADM 804 , is within five (5) days **from the receipt** of the decision. See Exhibit "A" attached to the Complaint, § VI C (2).  Instead of following the procedures as outlined by DOC-ADM 804, Penn elected to file a criminal complaint with the District Attorney of Luzerne County. See Complaint ¶ 8.

On September 12, 1999, Penn was issued a misconduct that he alleges was fabricated because he filed a complaint with the District Attorney's office. See Complaint ¶18. He states that he appealed the misconduct to the Program Review Committee (see Exhibit "G" attached to his Memorandum), but provides no evidence that he completed the administrative process by appealing to the Superintendent of the Institution or to the Chief Hearing Examiner.

Although not pled in his complaint, plaintiff states in his memorandum that in September of 1999, he submitted yet another grievance to Superintendent Varner concerning the impermissible

---

[5]Plaintiff alleges he received this response on August 20, 1999.

retaliation by defendants.  See Exhibit "H" attached to plaintiff's Memorandum in Opposition to

Defendants Motion to Dismiss.  Penn received a response to that grievance, stating that the "issue

was addressed by the Luzerne Co. D.A. office, that officers can check your cell without you being

present and grievance number to right of DC 804 form is not a Dallas GRI number."  See Exhibit

"H" attached to plaintiff's Memorandum in Opposition to Defendants Motion to Dismiss.  Here

again, plaintiff failed to present evidence that he sought review or appealed this response.

### QUESTION PRESENTED

**SHOULD THE COMPLAINT BE DISMISSED
WHERE PLAINTIFF HAS FAILED TO EXHAUST
ADMINISTRATIVE REMEDIES ?**

### ARGUMENT

**THE COMPLAINT SHOULD BE DISMISSED
BECAUSE PLAINTIFF HAS FAILED TO
EXHAUST HIS ADMINISTRATIVE REMEDIES**

It appears from his memorandum of law in opposition to defendant's motion to dismiss that

plaintiff's chief argument is that the DOC and the PLRA do not provide a clear, meaningful,

effective or  adequate alternative to the consolidated inmate grievance system where there is" willful,

intentional, neglectful and deliberate misconduct of prison officials."  Because of the lack of an

alternative, he argues that his complaint should not be dismissed for failure to exhaust his

administrative remedies prior to filing his action in federal court.  Penn also alleges that officials at

SCI-Dallas retaliated against him by issuing a false misconduct report because  he filed a criminal

complaint against them.

As noted in the brief in support of their motion to dismiss the complaint, pursuant to the PLRA, inmates are required to exhaust <u>all</u> applicable administrative remedies, even though the administrative process may not provide the relief sought.   <u>Nyhuis v. Reno</u>, 204 F.3d 65 (3rd Cir. 2000).   The Third Circuit in <u>Nyhuis</u> went on to recognize that Congress has clearly required exhaustion in §1997(e), and that "it is beyond the power of this court --or any other— to excuse compliance with the exhaustion requirement and  before a plaintiff can bring an action, he or she must exhaust the their administrative remedies, regardless of whether the exhaustion would be futile, inadequate or any other basis." <u>Nyhuis</u>, <u>supra</u>., at 73, *quoting* <u>McCarthy v. Madigan</u>, 503 U.S. 140, 144 (1992),   <u>See also</u> <u>Bey v. Pennsylvania Department of Corrections</u>, 98 F. Supp. 2d  659, 662 (E.D. Pa.  2000).  <u>Nyhuis</u> established a bright-line rule that inmate-plaintiffs must exhaust all available remedies prior to seeking federal review.

Moreover,  in <u>Nyhuis</u>, the Court noted that "the most natural reading of [§1997(e) as it was amended by the PLRA,], leads to the conclusion that Congress was not asking courts to evaluate the sufficiency of the administrative remedies, but merely intended to require prisoners to utilize the existing administrative remedies, whether the grievance procedure will produce the precise remedy that the prisoner seeks or some other remedy." <u>Nyhuis</u>, <u>supra</u>, at 73, *quoting* <u>Moore v. Smith</u>, 18 F.Supp. 2d 1360, 1364 (N. Ga. 1998).

Finally, Courts have recognized a myriad of policy considerations in favor of the exhaustion requirement.  They include avoiding premature interruption of the administrative process and giving the agency a chance to discover and correct its own error; conserving scarce judicial resources;  and improving the efficacy of the administrative process. <u>Nyhuis</u>, <u>supra</u>, at 75.

In this case, plaintiff is challenging the sufficiency of the administrative remedies available to him at SCI-Dallas, and argues that because of a "tacit-conspiracy" he is unable to petition the government for redress of his grievance and to receive procedural due process and equal protection of the law. He argues that the exhaustion requirement of the PLRA should be excused because the DOC consolidated grievance system does not provide an adequate alternative.

At the outset, it must be recognized that the PLRA does not close the courthouse doors to prisoners. It simply requires prisoners to exhaust all the available administrative procedures before filing a claim in federal court. Once the prison's administrative process is complete, the prisoner may seek redress of his claim and file the action in federal court. Here, plaintiff has not exhausted those available administrative remedies and thus has failed to complete the prerequisite necessary to file this action in federal court. He did not appeal the decision on his initial grievance dated July 23, 1999. A fair reading of DOC-ADM 804 shows that plaintiff had an available avenue to appeal his grievances because the time to file the appeal began when he received Burnett's response. Plaintiff chose not to pursue that remedy. Likewise, he did not appeal the decisions of Superintendent Larkins to the Central Office Review Committee, as provided in DOC-ADM 804. Instead he elected to file a complaint with the District Attorney's office, thus precluding the prison the opportunity and chance to address those grievances or complaints. In addition, Penn has failed to show that he fully exhausted his administrative remedies in the remaining allegations in his complaint concerning the conduct of the officers, the change in his prison job, subsequent loss of pay, or the receipt of the alleged false and retaliatory misconduct.

A prisoner is not excused from his obligation under §1997(e), as amended by the PLRA, to exhaust the available administrative remedies because he believes that the process

provided is unclear, not meaningful, ineffective or inadequate. His responsibility is to exhaust the administrative process available to him, and if he is dissatisfied with the final decision, he may file his claim in federal court. In this case, Penn should not be excused from the mandate of the PLRA because he believes that the administrative process established by the DOC or at SCI-Dallas is inadequate. Because he has failed to establish that he has exhausted his administrative remedies, his complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, the Complaint against defendants should be dismissed.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**

By: _____
**MARY ANNE M. LEWIS**
**Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**Office of Attorney General**
**15th Flr., Strawberry Sq.**
**Harrisburg, PA 17120**
**FAX: (717) 772-4526**
**Direct Dial: (717) 787-9719**
**DATE: August 11, 2000**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

WALTER PENN,                          :
                                      :
       **Plaintiff**                  :
                                      :
       **v.**                        :    **No. 1:CV-00-0771**
                                      :    **(Judge Rambo)**
BEN E. VARNER, <u>et</u> <u>al.</u>,       :
                                      :
       **Defendants**                 :

## CERTIFICATE OF SERVICE

      I, Maryanne M. Lewis, Deputy Attorney General, hereby certify that on this date I

caused to be served the Foregoing Defendants' Reply Brief in Support of Their Motion to

Dismiss The Complaint, by depositing a copy of the same in the United States mail, postage

prepaid, in Harrisburg, PA., addressed to the following:

Walter Penn, #AP-9156
SCI-Dallas
Drawer K
Dallas, PA  18612-0286

                                                       **MARYANNE M. LEWIS
                                                       DEPUTY ATTORNEY GENERAL**

**DATE:  August 11, 2000**